**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMILIANO FRANCISCO PAZ GOMEZ, ) <br> an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPART, LLC, an Illinois limited liability company ) <br> d/b/a OPART THAI HOUSE, and LENNY CHU, ) <br> an individual, ) <br> ) <br> Defendants. ) | Case No. 1:21-cv-6093 |

**COMPLAINT**

The Plaintiff, Emiliano Francisco Paz Gomez ("Plaintiff" or "Paz Gomez"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Opart, LLC, an Illinois limited liability company d/b/a Opart Thai House, and Lenny Chu (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Secure Leave Ordinance ("CMWO"), § 6-105-010, *et seq*., of the Municipal Code of Chicago (formerly the Chicago Minimum Wage Ordinance, § 1-24-10), for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an unlawful per diem salary basis. Plaintiff is a former dishwasher, food preparer and cook at Defendants' Opart Thai House restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Paz Gomez is a former employee of Defendants' Opart Thai House restaurant located at 1546 W. Chicago Avenue in Chicago, Illinois and previously located at 1906 S. State Street in Chicago, Illinois. Plaintiff Paz Gomez worked as a dishwasher, food preparer and cook at Defendants' restaurant from May 19, 2019 through May 9, 2021.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, and tools and utensils, which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Opart, LLC does business as the Opart Thai House restaurant on West Chicago Avenue in Chicago, Illinois, and previously on South State Street in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Opart, LLC has earned more than $500,000.00 in annual gross revenue during 2019, 2020 and 2021.

9. Defendant Opart, LLC is registered in Illinois as a limited liability company and its managers, registered agent and principal office are located within this judicial district.

10. Defendant Lenny Chu ("Chu") is an owner of the Opart Thai House restaurant and is a manager of the restaurant's operating entity, Defendant Opart, LLC.

11. At all times relevant to this action, Defendant Chu possessed extensive oversight over the Opart Thai House restaurant and its business operations. Defendant Chu was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Defendant Chu resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During his initial two months of work in May and June, 2019, Plaintiff regularly worked at Defendants' Opart Thai House restaurant six (6) days a week including Sunday through Wednesday from 10:00 a.m. to 10:00 p.m.; and Friday and Saturday from 10:00 a.m. to 11:00 p.m. During these two months, Plaintiff typically did not work on Thursday.

14. During the next four months, July, 2019 through October, 2019, Plaintiff regularly worked seven (7) days a week including Sunday through Thursday from 10:00 a.m. to 10:00 p.m. and Friday and Saturday from 10:00 a.m. to 11:00 p.m.

15. During the period from November, 2019 through March, 2020, Plaintiff continued to work at Defendants' Opart Thai House restaurant seven (7) days a week including Monday through Thursday from 1:00 p.m. to 10:00 p.m.; Friday and Saturday from 10:00 a.m. to 11:00 p.m.; and, Sunday from 10:00 a.m. to 10:00 p.m.

16. Finally, during the period from April, 2020 through May 9, 2021, Plaintiff worked at Defendants' Opart Thai House restaurant six (6) days a week including Sunday, Monday,

3

Wednesday and Thursday from 10:30 a.m. to 9:00 p.m.; and Friday and Saturday from 10:30 a.m. to 10:00 p.m. During this period, Plaintiff typically did not work on Tuesday.

17. Based on his schedules, Plaintiff regularly worked seventy-four (74) hours in individual workweeks during May and June, 2019; eighty-six (86) hours in individual workweeks from July through October, 2019; seventy-four (74) hours in individual workweeks from November, 2019 through March, 2020; and, sixty-five (65) hours in individual workweeks from April, 2020 through May 9, 2021.

18. Defendants paid Plaintiff a per diem salary with unreported cash in the following amounts: (a) $105.00 per day during May and June, 2019; (b) $110.00 per day during July and August, 2019; (c) $120.00 per day during September, 2019 through March, 2020; and, (d) $130.00 per day during April, 2020 through May 9, 2021.

19. As a result of Defendants' improper salary payments, Defendants paid Plaintiff below the statutory minimum wage rates.

20. Further, Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

21. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

22. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the Municipal Code of Chicago; and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

24. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

25. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

26. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

27. Defendant Opart, LLC is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(A).

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work substantially more than forty (40) hours in individual workweeks. Defendants further avoided overtime wage obligations by placing Plaintiff on an illegal per diem salary compensation plan without regard to the number of hours worked each week. Defendants further concealed their FLSA violations by paying all of Plaintiff's wages with cash "under the table". In a further attempt to conceal their overtime wage violations, Defendants did not report their cash wage

payments to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff, they failed to provide Plaintiff with a statement of wages paid and hours worked, and they otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

31. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

32. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

33. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

34. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

35. Defendant Opart, LLC is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

6

36. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

37. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants failed to pay minimum wages by paying Plaintiff on an improper per diem salary scheme without regard to the number of hours worked and by failing to provide Plaintiff with any wage statement records. Additionally, Defendants failed to record the number of hours worked by Plaintiff, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

38. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

39. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

40. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

41. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

42. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred infilling and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

44. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

45. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

46. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

47. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

48. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

49. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

50. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

51. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

52. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

9

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Statutory damages in the amount of three times the amount of unpaid overtime;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

54. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

55. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

56. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

57. Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

58. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 6-105-020.

**WHEREFORE**, the Plaintiff, Emiliano Francisco Paz Gomez, prays for a judgment against Defendants, Opart, LLC d/b/a Opart Thai House and Lenny Chu, as follows:

- A. Judgment in the amount of unpaid minimum wages found due;

- B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

    D.    Such other and further relief as this Court deems appropriate and just.

Dated: November 15, 2021

Respectfully submitted,

Emiliano Francisco Paz Gomez,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
tnolan@nolanwagelaw.com